

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,477-01

### EX PARTE CLYDE JAY-TODD WALKER III, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 15-0228X IN THE 71ST DISTRICT COURT
### FROM HARRISON COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of driving while intoxicated and sentenced to three years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that is being held on a parole revocation warrant for over 90 days, has not been charged with any new offense, and is being denied a parole revocation hearing despite his requests. Applicant has alleged facts that, if true, might entitle him to relief. TEX. GOV'T CODE § 508.282(a). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person

with knowledge of relevant facts addressing the issue of whether the Parole Board is providing Applicant with a timely parole revocation hearing. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or different counsel is retained, the trial court shall immediately notify this Court of counsel's name.     The trial court shall make findings of fact and conclusions of law addressing Applicant's allegations. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: August 19, 2020
Do not publish